**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| TERRENCE CLAUDELL BAKER, | : | Case No. 2:26-cv-161 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Chief District Judge Sarah D. Morrison |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| DELAWARE COUNTY, OHIO, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Hilliard, Ohio, has filed a *pro se* Complaint. (Doc. 3). In the Complaint, Plaintiff alleges violations of the Fourth and Fourteenth Amendments to the United States Constitution and sues Delaware County, Ohio, and John/Jane Doe Law Enforcement Officers 1–10, in their official and individual capacities under 42 U.S.C. § 1983. (*Id*.). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2).

This case is currently before the Court for a *sua sponte* review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

**I.      STANDARD**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic

incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke*, 490 U.S. at 328–29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II.     FACTUAL ALLEGATIONS

In his Complaint, Plaintiff alleges that, in August 2018, Delaware County law enforcement officers executing a search warrant impermissibly went beyond the scope of the warrant when they seized a personal notebook, a violation of Plaintiff's Fourth Amendment right. (*See generally* Doc. 3).  He contends that "the warrant, affidavit, inventory, and return were sealed pursuant to court order," which prevented him from "timely challenging the seizure." (*Id.* at 2).  Additionally, Plaintiff alleges that the warrant return and inventory were "internally inconsistent" and that Defendants retained the notebook "without judicial authorization," which prejudiced him "in the adjudicative process." (*Id.*).  Plaintiff relates that he filed a *pro se* motion to suppress the notebook, but the court denied the motion because counsel represented Plaintiff. (*Id.*).  The court did not hold a suppression hearing about the notebook. (*Id.*).  Furthermore, Plaintiff alleges that this

notebook was used during trial as evidence toward his conviction. (*Id.*). Finally, Plaintiff asserts a *Monell* claim against Delaware County for "unconstitutional policies or practices" that "amounted to deliberate indifference" and a denial of due process under the Fourteenth Amendment. (*Id*. at 3).

For relief, Plaintiff seeks "damages, declaratory relief, costs, all just relief," and a jury trial. (*Id.*).

## III.    ANALYSIS

The Undersigned concludes that Plaintiff's Complaint should be dismissed in its entirety under *Heck v. Humphrey*, 512 U.S. 477 (1994).  The doctrine announced under *Heck* holds that a civil rights lawsuit is barred if it would necessarily imply the invalidity of a plaintiff's prior criminal conviction or sentence, unless the plaintiff establishes that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus."  *Id.* at 486–87; *see also Lee v. United States*, No. 21-1738, 2022 WL 17076779, at *2 (6th Cir. July 14, 2022).

At the core of Plaintiff's claims is a challenge to the validity of his state conviction.  (*See* Doc. 3 at 2–3 (alleging that "the judge referenced the notebook in explaining the verdict" and that he was denied due process because of the alleged illegal seizure and use at trial of the notebook)).  However, Plaintiff has not established any of the four avenues that would make *Heck* inapplicable to his case.  First, Plaintiff's convictions of engaging in a pattern of corrupt activity, additional prohibited offenses, drug trafficking, and receiving stolen property and his sentence of four years imprisonment and five years of post-release control were affirmed on direct appeal.  *State v. Baker*, 2020-Ohio-5094 (5th Dist.), *motion for delayed appeal denied*, *State v. Baker*, 2021-Ohio-717, 161

4

Ohio St. 3d 1473, 164 N.E.3d 475.[1]  Second, Plaintiff has not established that the conviction or sentence has been expunged by executive order.  Third, state tribunal invalidation has not occurred in this case.  Finally, no writ of habeas corpus has been issued.

Therefore, because *Heck* governs Plaintiff's claims, the Undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED without prejudice.**  In light of this conclusion, the Undersigned does not reach the statute of limitations issues that are evident on the face of Plaintiff's Complaint.

## IV.    CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims under *Heck v. Humphrey*, 512 U.S. 477 (1994).

Date: May 5, 2026                                  /s/Kimberly A. Jolson
                                                   KIMBERLY A. JOLSON
                                                   UNITED STATES MAGISTRATE JUDGE

### PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it

---

[1] While Plaintiff has served his term of imprisonment, he is still subject to post-release control; thus, *Heck* still applies to his case.  *See Pettus-Brown v. Adult Parole Auth.*, No. 2:18-CV-82, 2019 WL 1455208, at *2 (S.D. Ohio Apr. 2, 2019) (Jolson, M.J.), *report and recommendation adopted*, 2019 WL 2058627 (S.D. Ohio May 9, 2019) (Smith, D.J.).

as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).