**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| TERRENCE CLAUDELL BAKER,<br><br>Plaintiff,<br><br>vs.<br><br>DELAWARE COUNTY, OHIO, *et al*.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:26-cv-161<br><br>Chief District Judge Sarah D. Morrison<br>Magistrate Judge Kimberly A. Jolson |

## REPORT AND RECOMMENDATION

This case is currently before the Court for a *sua sponte* review of the Amended Complaint to determine whether the Amended Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B). The Court previously granted Plaintiff leave to proceed *in forma pauperis*, screened his Complaint under 28 U.S.C. § 1915(e)(2), and recommended dismissal of his case. (Docs. 2, 5). A week later, Plaintiff filed objections (Doc. 6) and an Amended Complaint (Doc. 7).

Considering the liberal policy in favor of granting amendments under Federal Rule of Civil Procedure 15, the Court **RETRACTS** the May 5 Report and Recommendation (Doc. 5) and considers the Amended Complaint (Doc. 7) as the operative Complaint. *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004). Plaintiff, however, is cautioned that he will not be given unlimited opportunities to amend his complaint. *See Kanu v. Siemens PLM*, No. 1:18-CV-38, 2019 WL 1090398, at *2 (S.D. Ohio Mar. 8, 2019), *report and recommendation adopted*, No.

1:18-CV-38, 2019 WL 4110434 (S.D. Ohio Aug. 29, 2019) ("[J]ustice simply does not require this Court to permit a pro se plaintiff unlimited opportunities to amend [her] complaint, in hopes of eventually stating some claim.").

Now, after conducting the required screen of the Amended Complaint, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Amended Complaint. (Doc. 7).

## I. STANDARD

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328–29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). A

complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. FACTUAL ALLEGATIONS

In the Amended Complaint, Plaintiff alleges violation of the Fourth and Fourteenth Amendments to the United States Constitution and a municipal liability claim and sues Delaware County, Ohio, and John/Jane Doe Law Enforcement Officers 1-10, in their official and individual

capacities under 42 U.S.C. § 1983. Liberally construing Plaintiff's allegations, *see Erickson*, 551 U.S. at 94, the Undersigned summarizes Plaintiff's fact contentions as follows: 2018 Searches Claims; 2019 Pre-Trial and Trial Claims; 2025 Accessed Records Claims; and *Monell* Claim.

**A. 2018 Searches Claims**

Plaintiff asserts that, at the onset of the investigation in mid-2018, Delaware County law enforcement did not identify him "through direct observation, controlled interaction, reliable witness identification, surveillance naming him, or other independently corroborated means." (Doc. 7 at 2). Instead, Plaintiff alleges that he was identified by "recovered paperwork" through a warrantless search of a vehicle he did not own and was not present within at the time of the traffic stop and search. (*Id*. at 2–3). As a result, his "identification as a suspect therefore arose from a vehicle search that, on the face of the records later obtained by Plaintiff, lacked a documented warrant, consent, probable cause, or other recognized exception." (*Id*. at 3). According to Plaintiff, this subjected him to "surveillance, search, seizure, and arrest" without "reliable contemporaneous evidence" and that "probable cause was built through later inference and post hoc justification." (*Id*.).

After the vehicle search, Plaintiff asserts that the residential search warrant issued on August 17, 2018, was deficient in that "it did not specifically authorize seizure of Plaintiff's personal notebook or general personal writings." (*Id.* at 4). He contends that "neither the warrant nor any separately identified facts provided a sufficiently individualized probable-cause basis to seize his personal notebook." (*Id*.). Therefore, he asserts, the seizure of the notebook "exceeded the scope of the warrant and was not justified by the plain-view doctrine because the notebook was not contraband, was not listed in the warrant, and any allegedly incriminating nature was not immediately apparent without further inspection, interpretation, or evidentiary use." (*Id*.).

### B. 2019 Pre-Trial and Trial Claims

After his arrest and during his subsequent criminal case in 2019, Plaintiff states that he filed a motion to suppress the notebook, but that the motion was "not heard prior to trial." (Doc. 7 at 5). Plaintiff asserts that "retention of the notebook, failure to provide a timely suppression hearing, and later evidentiary use of the notebook deprived him of a meaningful opportunity to challenge the seizure before the property was used against him." (*Id.*). Relatedly, Plaintiff alleges that the notebook and "testimonial evidence" primarily constituted the prosecution's case against him, instead of physical evidence; he asserts that certain charges "were not supported by physical evidence," as "no drugs, paraphernalia, or lab-confirmed substances were recovered from Plaintiff." (*Id.*).

### C. 2025 Accessed Records Claims

In 2025, three years after his release from incarceration, Plaintiff obtained official records that he asserts revealed several claims that he was unaware of at the time of Delaware County's investigation and his criminal case. (Doc. 7 at 2, 4–6). Plaintiff asserts that in February 2019, he was arrested in a different location from where the residential search took place, months after the August 2018 search. (*Id.* at 5). He explains that the records he obtained in 2025 included a "warrant-entry information sheet requesting entry of a Delaware County warrant" that was dated February 25, 2019. (*Id.*). Because "no new affidavit, no updated warrant application, and no new individualized showing of probable cause was presented to account for the passage of time, the change in location, or the then-current basis for seizure," Plaintiff contends that the Delaware County law enforcement officers "relied on stale or defective process rather than updated and individualized probable cause." (*Id.*).

Additionally, Plaintiff asserts that his 2025 review of the records revealed both a tracking device warrant on the vehicle involved in his identification and the residential search warrant had

been placed under seal for ninety days, as well as "the affidavit . . . inventory, return, dockets, indices, and references" for the stated purpose that "disclosure would be detrimental to an ongoing criminal investigation." (*Id.* at 4). Plaintiff alleges this sealing "prevented him from timely inspecting the warrant materials, affidavits, return and related records that would have allowed a more immediate challenge to the legality of the searches and seizures" in 2018–2019. (*Id.*). Relatedly, he asserts that the return and inventory of the search on August 17, 2018, was not completed until September 14, 2018, which was not a prompt return. (*Id.* at 32–33). Plaintiff contends that, because "the inventory contained handwritten alterations and vague descriptions" and "the return did not clearly identify who received notice," the "irregularities impaired the reliability of the official record and complicated timely challenge to what was seized, when it was seized, and under what authority it was retained." (*Id.* at 33).

### D. *Monell* Claim

Finally, Plaintiff asserts a *Monell* claim against Delaware County for the customs and polices that permitted the alleged constitutional violations, as well as a failure to train, supervise, or discipline the law enforcement officers involved in his case. (*Id.* at 10). He further asserts that Delaware County "tolerated or permitted a practice of using defective or boilerplate warrant processes rather than individualized probable-cause determinations," arguing that the warrants used in his case demonstrate that pattern. (*Id.*). Therefore, Plaintiff asserts that, rather than an isolated incident, his case demonstrates that "Delaware County's customs, failures in training [and] supervision, ratification of officer conduct, and deliberate indifference were moving forces behind the violations suffered by Plaintiff." (*Id.*).

For relief, Plaintiff seeks declaratory relief; "compensatory damages in an amount to be determined at trial; punitive damages against the individual-capacity Defendants in an amount to

be determined at trial; costs of this action and any relief available under 42 U.S.C. § 1988; such further relief as the Court deems just and proper," and a jury trial. (*Id.* at 11–12).

## III. ANALYSIS

The Undersigned concludes that Plaintiff's Amended Complaint should be dismissed in its entirety.

### A. Plaintiff's Claims Barred under *Heck*

In response to the First Report and Recommendation recommending dismissal of Plaintiff's claims without prejudice as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff expressly disclaims that he seeks "to directly invalidate his conviction, but rather seeks damages for independent constitutional injuries stemming from unlawful search, unlawful seizure, unlawful retention, denial of timely challenge, and county policy or custom." (*See generally*, Doc. 5; Doc. 7 at 5). Further, he added Fourth Amendment claims to his initial Fourth Amendment claims regarding the notebook in his Amended Complaint. (*Compare* Doc. 3; Doc. 7). After review, *Heck* still governs Plaintiff's claims; therefore, for the following reasons, the Undersigned **RECOMMENDS** that Plaintiff's Amended Complaint be **DISMISSED without prejudice**.

In *Heck*, the Supreme Court held that a § 1983 civil rights action seeking monetary relief on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486–87. Under *Heck*, when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus

under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486–87; see also *Edwards* v. *Balisok*, 520 U.S. 641, 643 (1997).

Still, under very limited circumstances, some Fourth Amendment claims may not be barred. In *Heck*, the Supreme Court noted that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Heck*, 512 U.S. at 487 n.7. The Supreme Court explained that "[b]ecause of doctrines like independent source and inevitable discovery, . . . and especially harmless error, . . . such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." *Id.* In a later case, however, the Supreme Court clarified that in some cases, "a Fourth Amendment claim can necessarily imply the invalidity of a conviction, and that if it does it must, under *Heck*, be dismissed." *Wallace v. Kato*, 293 F. App'x 384, 395 n.5 (2007). The Sixth Circuit has held that the district court must conduct a "case-by-case" assessment in determining "whether a favorable Fourth Amendment judgment would impugn the validity of an outstanding conviction." *Harper v. Jackson*, 293 F. App'x 389, 391–92 (6th Cir. 2008) (and cases cited therein).

Although Plaintiff expressly disavows seeking to invalidate his conviction, a favorable judgment on any of his Fourth Amendment claims "would impugn the validity of [his] outstanding conviction." *Harper*, 293 F. App'x at 391–392. All of his Fourth Amendment claims—the alleged warrantless vehicle search, the alleged deficient residential search warrant, the alleged lack of individualized probable cause at the initiation of the case or at Plaintiff's arrest, the sealed warrants, the altered and delayed return and inventory, and the seizure and subsequent use of the notebook at trial—"necessarily imply the invalidity of a conviction" as they involve the process and evidence directly responsible for Plaintiff's conviction. *Wallace*, 293 F. App'x at 395 n.5; *see*

*also McClelland v. Mohr*, No. 2:20-CV-5331, 2020 WL 6075706, at *2 (S.D. Ohio Oct. 15, 2020), *report and recommendation adopted sub nom. McClelland v. City of Steubenville*, No. 2:20-CV-5331, 2020 WL 7047051 (S.D. Ohio Dec. 1, 2020) (finding that alleged deficiencies in probable cause for Plaintiff's arrest were more appropriately brought in habeas than under § 1983); *Gonzales v. City of Fostoria*, No. 3:13cv796, 2014 WL 99114, at *4 (N.D. Ohio Jan. 9, 2014) (finding that the alleged unlawful search would implicate the Fourth Amendment as that search produced evidence used in Plaintiff's conviction). Plaintiff even implicitly argues as much when alleging that the prosecution primarily relied on the notebook and testimonial evidence at his trial, evidence which resulted in his conviction. (Doc. 7 at 5).

Similarly, *Heck* bars Plaintiff's Fourteenth Amendment due process claims. (*Id.* 7 at 9–10). All of Plaintiff's due process claims—the sealed records, the delayed and irregular inventory and return, and the denied suppression hearing—involve the process responsible for Plaintiff's conviction. When "the criminal proceeding that is the subject of Plaintiff's complaint resulted in Plaintiff's conviction . . . *Heck* bars Plaintiff's § 1983 claims for due process violations." *Anderson v. Ohio*, No. 2:24-CV-01951, 2025 WL 2721191, at *4 (S.D. Ohio Sept. 24, 2025).

Additionally, Plaintiff has not established any of the four avenues that would make *Heck* inapplicable to his case. First, Plaintiff's conviction of engaging in a pattern of corrupt activity, additional prohibited offenses, drug trafficking, and receiving stolen property and his sentence of four years imprisonment and five years of post-release control were affirmed on direct appeal. *State v. Baker*, 2020-Ohio-5094 (5th Dist.), *motion for delayed appeal denied*, *State v. Baker*, 2021-Ohio-717, 161 Ohio St. 3d 1473, 164 N.E.3d 475. And while Plaintiff has served his term of imprisonment, he is still subject to post-release control. *Heck* therefore still applies to his case. *See Pettus-Brown v. Adult Parole Auth.*, No. 2:18-CV-82, 2019 WL 1455208, at *2 (S.D. Ohio

Apr. 2, 2019), *report and recommendation adopted*, 2019 WL 2058627 (S.D. Ohio May 9, 2019). Second, Plaintiff has not established that the conviction or sentence has been expunged by executive order. Third, state tribunal invalidation has not occurred in this case. Fourth, no writ of habeas corpus has been issued. In sum, *Heck* and its bar on any claims that would necessarily invalidate a conviction still applies to the claims raised in Plaintiff's Amended Complaint.

### B. Plaintiff's Municipal Liability Claims Dismissed

Because Plaintiff has failed to plead a cognizable civil rights violation under § 1983 against any individual Defendant, his municipal liability claims against Delaware County also fail and should be dismissed without prejudice. *See, e.g.*, *Pinter v. City of New York*, 448 F. App'x 99, 106 (2d Cir. 2011) (finding that the plaintiff's "*Monell* claims are derivative of his claims against the individual defendants, and therefore any claims dismissed as against the individual defendants must also be dismissed as against the City") (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

Because *Heck* governs Plaintiff's claims and Plaintiff's municipal liability claims are derivative of those claims, the Undersigned **RECOMMENDS** that Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE**. In light of this conclusion, the Undersigned does not reach the statute of limitations issues that are evident on the face of Plaintiff's Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's Amended Complaint.

IT IS SO ORDERED.

Date: September 8, 2026

*/s/ Kimberly A. Jolson*
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v.* Walters, 638 F.2d 947 (6th Cir. 1981).